

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

**NO. 2-09-333-CR**

JORGE LUIS FRAIRE                                                              APPELLANT

V.

THE STATE OF TEXAS                                                                  STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

On January 9, 2009, Appellant Jorge Luis Fraire pled guilty pursuant to a plea bargain to fraudulent use of identifying information. The trial court placed him on three years' deferred adjudication community supervision. Less than six months later, the State filed a petition to adjudicate, alleging among other things that Appellant had violated the terms and conditions of his community supervision in February and May 2009 by failing to report to Tarrant County by mail as instructed

---

[1] *See* Tex. R. App. P. 47.4.

by the supervision officer. While he pled untrue to other allegations, Appellant pled true to this paragraph. After a hearing, the trial court adjudicated Appellant's guilt and sentenced him to six months in a state jail facility.

Appellant's court-appointed appellate counsel has filed a motion to withdraw as counsel and a brief in support of that motion. In the brief, counsel avers that, in his professional opinion, this appeal is frivolous. Counsel's brief and motion meet the requirements of *Anders v. California*[2] by presenting a professional evaluation of the record demonstrating why there are no arguable grounds for relief.[3] This court afforded Appellant the opportunity to file a brief on his own behalf, but he did not.

Once an appellant's court-appointed counsel files a motion to withdraw on the ground that the appeal is frivolous and fulfills the requirements of *Anders*, we are obligated to undertake an independent examination of the record to see if there is any arguable ground that may be raised on his behalf.[4] Only then may we grant counsel's motion to withdraw.[5]

We have carefully reviewed the record and counsel's brief. We agree with counsel that the appeal is wholly frivolous and without merit. We find nothing in the

---

[2] 386 U.S. 738, 87 S. Ct. 1396 (1967).

[3] *See Stafford v. State*, 813 S.W.2d 503, 510–11 & n.3 (Tex. Crim. App. 1991).

[4] *See id.* at 511.

[5] *See Penson v. Ohio*, 488 U.S. 75, 82–83, 109 S. Ct. 346, 351 (1988).

record that might arguably support the appeal.[6] Consequently, we grant the motion

to withdraw and affirm the trial court's judgment.


PER CURIAM

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED:  July 15, 2010

---

[6]... *See Bledsoe v. State*, 178 S.W.3d 824, 827 (Tex. Crim. App. 2005).

3